**Junior FREDERICK, Petitioner–Appellant,**

**v.**

**WARDEN, LEWISBURG CORRECTIONAL FACILITY, Respondent–Appellee.**

No. 00–2544.

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 2001.

Decided Oct. 18, 2002.

Before CARDAMONE, WINTER, and SACK, Circuit Judges.

WINTER, Circuit Judge.

Junior Frederick appeals from Judge McAvoy's denial of his habeas corpus petition under 28 U.S.C. § 2255. The petition challenged his plea-based conviction on the ground of ineffective assistance of counsel with regard to a motion to withdraw the guilty plea, the sentencing, and the appeal. We reach the merits of appellant's petition notwithstanding appellant's general waiver of the right to collaterally attack his conviction. We do so because appellant's petition goes to the validity of the plea agreement itself and thus has not been waived. However, appellant's attack on the plea agreement, claiming ineffective assistance of trial and appellate counsel, fails on the merits. It was neither objectively unreasonable nor prejudicial for counsel not to challenge the district court's failure to elaborate upon the elements of the charged conspiracy where appellant received requisite notice through other means.

## BACKGROUND

Appellant was arrested for attempting to sell narcotics to an undercover officer. On December 1, 1997, appellant entered into a plea agreement with the government pursuant to which he pleaded guilty to distribution of cocaine and conspiracy to possess with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The plea agreement contained a clearly titled provision waiving appellate rights.[1]

Sally Wasserman, Law Office of Sally Wasserman, New York, New York, for Petitioner–Appellant.

Barbara D. Cottrell, Assistant United States Attorney, Northern District of New York (Joseph A. Pavone, United States Attorney; Miroslav Lovric, Assistant United States Attorney; Thomas P. Walsh, Assistant United States Attorney, of counsel), Albany, New York, for Respondent–Appellee.

---

1. Paragraph 22 of the plea agreement, entitled "Defendant's Waiver of the Right to Appeal the Conviction and the Sentence," reads, in pertinent part:

   [D]efendant expressly waives ... all of his/her rights to appeal from any judgment of conviction in this case, including but not limited to the argument of ineffective assistance of counsel.... Furthermore ... defendant also expressly waives ... his/her right to appeal the sentence in this case so

The agreement also contained a provision in which appellant agreed not to collaterally attack his sentence, conviction, plea, or other issue under 28 U.S.C. § 2255.[2] Appellant's plea agreement contained two other relevant provisions: (i) explaining the nature of the charge and the factual basis for the plea, and (ii) describing the structure of the conspiracy, its aims, its participants, and appellant's role.

At the plea hearing, the court specifically inquired as to whether appellant had discussed the charges against him with his counsel. Appellant indicated under oath that his counsel had explained the charges and that he understood them and the consequences of his plea. The charges were read to appellant,[3] although the district court did not further elaborate on the elements of conspiracy. The government described the evidence it could offer against appellant, and he admitted to the truth of the underlying facts. The district court accepted appellant's guilty plea, finding it to be knowing and voluntary.

Before sentencing, appellant retained new counsel and moved to withdraw his guilty plea, claiming that the plea was unknowing and involuntary. The district court held a hearing, after which it again found the plea to be voluntary and informed. Appellant was ultimately sentenced to 151 months of imprisonment, the

long as that sentence is within the Sentencing Guidelines range. . . .

2. Paragraph 25 of appellant's plea agreement, entitled "Defendant Shall Not File Any Motions to Withdraw; Set Aside; Vacate; Alter; Etc.," reads, in pertinent part:

The defendant fully and expressly agrees and promises that he/she shall not at any time for any reason whatsoever, after the signing of this plea agreement, file a motion or document of any type seeking the kind of relief referred to in this paragraph. . . . The defendant fully understands . . . that if, at any time after defendant signs this plea agreement and whether it be before or after defendant actually pleads guilty in this case, he/she makes a motion or files any document, at any time regardless if before or after the entry of guilt in this case, any type of motion or document, whereby defendant seeks relief Or appeals Or collaterally attacks in any manner whatsoever, whether criminal or civil in nature (including but not limited to an attack pursuant to Title 28, U.S.C. § 2255), whereby defendant seeks to vacate; or set aside; or correct; or withdraw; or modify; or alter in any way; or appeal in any way, any one of the following: any *sentence imposed; or judgment of conviction; or guilty plea; or sentencing guidelines calculation;* or any factual, procedural, substantive or constitutional issue; OR if defendant breaches any of the terms of this plea and cooperation agreement, then the United States . . . will have the option and absolute right to reinstate charges and to pursue charges that may have been dismissed or as to which prosecution forgone in consideration of the execution of this plea agreement and entry of guilty plea. . . .

(emphasis in original)."

3. The following exchange occurred in the sentencing proceeding:

THE COURT: I want to warn you not to plead guilty unless you are, in fact, guilty of the charges made against you in count one. Do you still wish to plead guilty?

THE DEFENDANT: Yes.

THE COURT: As to the superseding indictment 97–CR–146, United States of America versus Junior Frederick, count one, between in and about June of 1996, through and continuing thereafter, up to the date of this indictment, in the Northern District of New York and elsewhere, the defendants . . . did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and with others, known and unknown to the grand jury, for the purpose of knowingly and intentionally possessing with intent to distribute and distributing a controlled substance, to wit, cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code,

Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

Mr. Frederick, how do you plead to count one?

THE DEFENDANT: Guilty.

low end of the applicable Sentencing Guidelines range.

Notwithstanding the plea agreement, appellant appealed his conviction, challenging the district court's refusal to grant his motion to withdraw the guilty plea and the sentence imposed. We held that appellant's first counsel at the plea proceeding was not constitutionally ineffective and that appellant had entered into the plea agreement knowingly and voluntarily. *See United States v. Turner,* No. 98–1213, 1999 U.S.App. LEXIS 4767, at *3 *4 (2d Cir. Mar. 19, 1999) (unpublished summary order). We also concluded that, under the plea agreement, appellant had waived his right to challenge his sentence as excessive. *See id.* at *4 (noting that appellant "explicitly waived his right to challenge his sentence as part of the plea agreement under which he entered his guilty plea").

A year later, appellant, represented by his third counsel, filed the present petition, claiming that appellant had received ineffective assistance from his second counsel with regard to the motion to withdraw the plea, the sentencing, and the direct appeal. For the first time, appellant claimed that the district court's failure to elaborate upon the elements of a conspiracy charge was a violation of Fed.R.Crim.P. 11(c), and that counsel's failure to attack this error constituted ineffective assistance in the district court and on appeal.

The district court interpreted paragraph 25 of appellant's plea agreement as containing "an explicit waiver of [appellant's] right to collaterally attack ... the sentence imposed, judgment of conviction, guilty plea, or sentencing guidelines calculation." *Frederick v. United States,* No. 00–CV–354, at 6 n. 3 (N.D.N.Y. Aug. 1, 2000) ("Dist.Ct.Op."). Accordingly, the district court denied appellant's petition. The district court also found that, even had it not been procedurally barred by the waiver contained in the plea agreement, appellant's petition would fail on the merits. *Id.* at 6.

We granted appellant's *pro se* motion for a certificate of appealability ("COA") limited to the following issues: (i) whether the plea agreement waived appellant's right to file a collateral attack on his conviction and sentence; (ii) whether the district court's alleged violation of Rule 11(c) by failing to inform appellant of the elements of conspiracy may be collaterally attacked; (iii) whether appellant was denied effective assistance of counsel, in light of counsel's failure to challenge his guilty plea as not knowing and voluntary based on the claimed Rule 11 violation; and (iv) whether issues (ii) and (iii) were waived because they were first raised in appellant's motion for a COA in this court. This appeal, in which appellant is represented by his fourth counsel, followed.

## DISCUSSION

■ We review a district court's denial of a 28 U.S.C. § 2255 petition *de novo. Santana–Madera v. United States,* 260 F.3d 133, 138 (2d Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 817, 151 L.Ed.2d 701 (2002).

a) *Waiver of the Right to File a Collateral Attack*

■ The first certified question is whether "the plea agreement waived appellant's right to file a collateral attack on his conviction and sentence." There is no general bar to a waiver of collateral attack rights in a plea agreement. *See Garcia–Santos v. United States,* 273 F.3d 506, 509 (2d Cir.2001) (per curiam). However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement. *See United States v. Hernandez,*

242 F.3d 110, 113–14 (2d Cir.2001) (per curiam) (declining to enforce waiver of appellate rights where defendant sought to challenge on appeal the constitutionality of the process by which appeal rights were waived); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir.1999) (holding that waiver of right to file a Section 2255 motion is unenforceable where defendant claims ineffective assistance of counsel with respect to the agreement which effected the waiver).

■■■ The district court relied upon our order on the direct appeal stating that the plea agreement was "knowing and voluntary" as giving effect to the waivers contained in the plea agreement and thus barring appellant's present petition. *See* Dist. Ct. Op. at 6 (citing *Turner,* 1999 U.S.App. LEXIS 4767, at *3). However, to the extent the present petition contests the constitutionality of the process by which appellant's claim of a defective plea agreement was twice denied, the waiver does not apply. Appellant is not, therefore, barred under the terms of the plea agreement from bringing the present petition to the extent it claims a violation of Rule 11 or the ineffectiveness of trial and appellate counsel in failing to raise such a claim.[4]

### b) *Alleged Rule 11(c) Violation*

If, as we conclude, there was no Rule 11 violation, issues (ii)[5] and (iii) do not offer grounds for relief. Accordingly, issue (iv) need not be reached, although we do note that the COA appears to be in error in suggesting that the ineffectiveness of appellant's counsel with regard to the Rule 11 issue was not raised in the district court.

We therefore turn to issue (iii), whether "appellant was denied effective assistance of counsel, in light of counsel's failure to challenge his guilty plea as not knowing and voluntary based on the district court's Rule 11 violation." Appellant argues that his second counsel was ineffective because he did not raise in the motion to withdraw the plea and on direct appeal from the denial of that motion the issue of the district court's failure to elaborate on the

---

4. Appellant also argues that the plea agreement by its own terms does not contain a waiver of the right to a collateral attack under Section 2255. Appellant points out that the explicit *waiver* provision of Paragraph 22 contains no reference to collateral attack rights, and argues that the *covenant* provision of Paragraph 25, which does purport to prohibit collateral attack, is merely a promise made as between the parties (the remedy for breach of which would be the reinstatement of dismissed charges by the government), rather than a waiver of appellant's right.

A district court's interpretation of plea agreements is subject to *de novo* review. *See United States v. Padilla,* 186 F.3d 136, 139 (2d Cir.1999). We have routinely read plea agreement provisions worded as negative covenants to be waivers of the relevant rights. *See, e.g., United States v. Cunningham,* 292 F.3d 115, 116–17 (2d Cir.2002) (treating agreement "not to file an appeal or otherwise challenge his conviction or sentence" as potentially effecting a waiver of a right to appeal); *Garcia–Santos,* 273 F.3d at 507–08 (finding that the words "[i]t is further agreed ... that the defendant will [not] appeal ..." create an enforceable waiver of a right to appeal); *Hernandez,* 242 F.3d at 113 (same). We decline to do otherwise in this case.

5. Because, as we discuss *infra,* the district court's omission did not rise to the level of a Rule 11 violation reversible on direct appeal, appellant has failed to meet the more demanding fundamental defect standard under a habeas petition. *See Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (To rise to the magnitude cognizable under a writ of habeas corpus, a trial court's error must be either jurisdictional or constitutional, or amount to a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.).

elements of the conspiracy charge. We disagree.[6]

■ In order to prevail on an ineffective assistance of counsel claim, appellant must show first that his counsel's performance was deficient and second that the deficiency caused actual prejudice to his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Clark v. Stinson,* 214 F.3d 315, 321 (2d Cir.2000), *cert. denied,* 531 U.S. 1116, 121 S.Ct. 865, 148 L.Ed.2d 778 (2001). This two-prong test applies to the evaluation of appellate counsel as well as trial counsel. *See id.* at 321; *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.1994); *Claudio v. Scully,* 982 F.2d 798, 803 (2d Cir.1992); *Abdurrahman v. Henderson,* 897 F.2d 71, 74 (2d Cir.1990).

■ Rule 11(c) requires that the district court "determine that the defendant understands ... the nature of the charge to which the plea is offered." Fed.R.Crim.P. 11(c)(1). Not every deviation from Rule 11 constitutes a violation of the Rule. *See* Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."). In determining whether the defendant possesses the requisite understanding of the government's charges, under Rule 11(c) "[a] district court is not required to follow any particular formula...." *United States v. Andrades,* 169 F.3d 131, 135 (2d Cir.1999). Thus, while a plea is not considered voluntary in the absence of "real notice of the true nature of the charge," *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), sufficient notice can be provided in various ways. There was sufficient notice in the present matter.

First, the district judge's recital of the indictment to appellant in court provided notice. That recitation made it clear that appellant was charged with acting and agreeing with others to possess and distribute illegal drugs, *see* Note 3, *supra,* and it is unclear to us what sort of elaboration would have enhanced in any significant measure appellant's understanding of the conspiracy charge. As we have held, sufficient notice is provided when the district court explains the charge "by reading the indictment to the defendant where the pertinent count spells out the elements of the offense and the circumstances indicate that this will be sufficient." *Andrades,* 169 F.3d at 135.

Second, the government's recital of its evidence against appellant at the plea hearing added factual flesh to the bones of the charge and was quite specific about appellant's participation with others in the drug conspiracy. That proffer asserted that an undercover agent called a person to order cocaine that was then delivered by appellant and that "a number" of co-conspirators would testify as to appellant's participation in the drug ring. Appellant expressly admitted to the truth of the underlying facts.

■ Finally, appellant also received notice through the plea agreement, which contained a clear description of the charged conduct consistent with the indictment. "Rule 11(c)(1) ... is satisfied where the charging instrument plainly describes the offense and defendant acknowledges that he read, understood, and

---

**6.** This claim is not procedurally barred. The default rules that bar prisoners from raising issues for the first time in Section 2255 proceedings do not apply to ineffective assistance of counsel claims where a petitioner was represented by the same attorney at trial and on direct appeal. *Ciak v. United States,* 59 F.3d 296, 303–04 (2d Cir.1995), *abrogated on other grounds, Mickens v. Taylor,* 535 U.S. 162, 122 S.Ct. 1237, 1243–44 & n. 3, 152 L.Ed.2d 291 (2002); *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993) (*superseded by statute on other grounds as noted in Triestman v. United States,* 124 F.3d 361, 369 n. 8 (2d Cir.1997)).

discussed with his attorney that legal document." *Id.; see also United States v. Parkins,* 25 F.3d 114, 117–18 (2d Cir.1994) (finding requirement of Rule 11(c)(1) to be satisfied on the basis of, *inter alia,* information contained in the charging document). The district judge specifically inquired as to whether appellant discussed the agreement with his counsel and whether he understood it. Appellant said that he did.

Appellant relies upon *United States v. Blackwell,* 199 F.3d 623 (2d Cir.1999) (per curiam), in support of his claim that a Rule 11(c) violation occurred and that it was ineffective assistance for his second counsel not to have raised that issue in the district court and on direct appeal. In *Blackwell,* however, we expressly relied upon the district court's failure to read the indictment to the defendant as a ground for reversal, and we specifically noted that reading the indictment to the defendant may be sufficient for purposes of Rule 11(c). *See id.* at 626 (citing *Andrades,* 169 F.3d at 135). As noted above, the district court in this case read the indictment to appellant and there were other events confirming that appellant understood the meaning of the charge to which he was pleading.

Because we conclude that there was no Rule 11 violation, it was not objectively unreasonable for appellant's second counsel to fail to raise such a claim, and there was no prejudice to appellant. Neither the deficiency nor the prejudice prong of *Strickland* having been satisfied, therefore, appellant's ineffective assistance claim fails.

## CONCLUSION

For the foregoing reasons, we affirm.