Manuel Otilio **BELTRE**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

**No. 06 Civ. 5714(RWS).**

United States District Court,
S.D. New York.

March 12, 2007.

Manuel Otilio Beltre, Otisville, NY, Petitioner pro se.

Michael J. Garcia, United States Attorney for the Southern District of New York by Elizabeth F. Maringer, Assistant U.S. Attorney, New York City, for Respondent.

## OPINION

SWEET, District Judge.

Petitioner Manuel Otilio Beltre ("Beltre" or "Petitioner"), presently incarcerated at Federal Correctional Institution Otisville, has sought a writ of habeas corpus challenging the validity of his conviction. For the reasons set forth below, his petition is denied.

### Prior Proceedings

Petitioner pled guilty pursuant to a written plea agreement on December 10, 2001 to conspiring to distribute heroin in violation of 21 U.S.C. § 846. As part of the plea agreement, Petitioner agreed that, if sentenced within the Guidelines as set forth in the plea agreement, he would not be permitted to appeal or otherwise challenge his sentence. On May 21, 2002, Petitioner was sentenced to a ten-year term of imprisonment in federal custody. Judgment was entered on May 28, 2002.

Petitioner filed his petition pursuant to 28 U.S.C. § 2241 with the Court's *Pro Se* Office on July 6, 2006, alleging that he received ineffective assistance of counsel and that his sentence was unconstitutional in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Upon initial review of the petition, Chief Judge Michael B. Mukasey entered an order dated July 28, 2006 (the "July 28 Order"), advising Beltre that the petition would be construed as an application under 28 U.S.C. § 2255, which provides the jurisdictional basis for challenges to federal custody arising from conviction and sentencing in federal court. In light of the prohibition on second or successive applications for a writ of habeas corpus, the July 28 Order gave Beltre 60 days to notify the Court in writing if he wished to withdraw the application.

The July 28 Order further noted that the application appeared to be time-barred under 28 U.S.C. § 2255 because it was filed more than one year after the date on which judgment became final. Petitioner was directed to show cause by affirmation within 60 days of the July 28 Order why the statute of limitations should not bar his application.

Petitioner timely filed an affirmation on September 8, 2006, arguing that the statute of limitations should be equitably tolled because of his limited proficiency in English and the fact that he did not obtain transcripts of his guilty plea and sentenc-

ing hearing until 2006. Petitioner also noted that he had been informed that because he had waived his right to appeal in the plea agreement he could not file a motion under section 2255.

The Government opposed the application by letter dated February 20, 2007, arguing that Beltre's application was untimely under 28 U.S.C. § 2255 and should not be considered under 28 U.S.C. § 2241 because Petitioner's claims were available on direct appeal and Petitioner has not raised any claim of actual innocence.

### Discussion

■■■■ The instant application is barred by Petitioner's waiver of his collateral attack rights in the plea agreement. A defendant's knowing and voluntary waiver of his right to appeal or otherwise challenge his sentence is generally enforceable. *See, e.g., Frederick v. Warden, Lewisburg Corr. Facility,* 308 F.3d 192, 195 (2d Cir.2002), *cert. denied,* 537 U.S. 1146, 123 S.Ct. 946, 154 L.Ed.2d 847 (2003); *United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir. 1993) (noting that permitting appeal on the merits following knowing and voluntary waiver of right to appeal "would render the plea bargaining process and the resulting agreement meaningless."). "Although the waiver of collateral attack rights in a plea agreement may be unenforceable where the petitioner had ineffective assistance of counsel in connection with entering into the plea agreement itself," *Reneau v. United States,* No. 05 Civ. 10695(SHS), 2006 WL 3019762, at *4 (S.D.N.Y. Oct. 20, 2006), Beltre has not alleged ineffective assistance of counsel at that stage, and the record shows that the waiver was knowing and voluntary. Petitioner confirmed at his plea allocution that he had read a translation of the plea agreement and understood and agreed to its terms, including the waiver of his right to challenge any sentence within the applicable Guidelines as set forth therein. (*See* Transcript of Plea Allocution at 7–8, filed as # 38 in No. 00 Cr. 1306.)

■■ Even had Petitioner not waived his collateral attack rights, the instant application would have to be denied as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in relevant part that:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1). the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Beltre was sentenced on May 21, 2002, and judgment was entered on May 28, 2002. Neither Petitioner nor the Government sought to appeal the sentence. Accordingly, the conviction became final on June 11, 2002. *See* Fed. R.App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."). The instant application was filed on July 6,

2006, more than four years after the conviction became final, and long after the one-year statute of limitations under AEDPA had run.

Beltre has argued that the statute of limitations should be equitably tolled because of his limited ability to communicate in English and because he did not receive transcripts of his plea allocution and his sentencing until 2006. Neither argument justifies equitable tolling of the limitations period. Equitable tolling applies only where "extraordinary circumstances" prevented the timely filing of the petition and the Petitioner "acted with reasonable diligence throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). Courts in this District have held repeatedly that lack of proficiency in English does not constitute grounds for equitable tolling. *See, e.g., Tan v. Bennett*, No. 00 Civ. 6413(GEL), 2001 WL 823869 (S.D.N.Y. July 20, 2001) (holding lack of English proficiency insufficient to justify tolling, citing cases). "A petitioner's inability to obtain trial transcripts does not warrant equitable tolling where the transcript is not necessary to develop the claims in the petition...." *Anderson v. O'Gara*, No. 01 Civ. 5172(WHP)(GWG), 2002 WL 1633917, at *5 (S.D.N.Y. July 23, 2002.) (citing *De La Rosa v. Keane*, No. 01 Civ. 4718(JG), 2001 WL 1525257 (E.D.N.Y. Nov. 13, 2001); *Rodriguez v. United States*, No. 99 CV 6803(ILG), 1999 WL 1487600, at *4 (E.D.N.Y. Dec. 23, 1999)). Because the factual bases for the claims raised in Beltre's application were known to him from the time of his sentencing hearing, Beltre has not established that his inability to obtain the transcripts warrants equitable tolling.

### Conclusion

For the reasons set forth above, the application is denied. As Petitioner has not made a substantial showing of the denial of a Constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see also United States v. Perez*, 129 F.3d 255 (2d Cir.1997); *Lozada v. United States*, 107 F.3d 1011 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), it is hereby certified that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

It is so ordered.