Tracy COSTIN, Petitioner,

v.

UNITED STATES of America, Respondent.

Civil Action No. 3:07–cv–1555 (JCH).

United States District Court, D. Connecticut.

Dec. 1, 2008.

Tracy Costin, Danbury, CT, pro se.

Edward Chang, Kevin J. O'Connor, Peter S. Jongbloed, U.S. Attorney's Office, New Haven, CT, Richard J. Schechter, U.S. Attorney's Office, Bridgeport, CT, for Respondent.

### RULING RE: MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

JANET C. HALL, District Judge.

Tracy Costin, a federal prisoner, is currently serving a 27 month sentence following her plea of guilty to one count of conspiracy to commit wire fraud and one count of wilful failure to file tax returns. Costin has moved this court to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. She alleges, *inter alia*, that her attorneys provided her with constitutionally ineffective assistance when they failed to seek a downward departure based on her diminished capacity. Because Costin waived her right to collaterally attack her sentence, her counsel's performance and advice were objectively reasonable, and Costin cannot show prejudice, the court **DENIES** her Petition.

## I. BACKGROUND

On February 17, 2005, a federal grand jury returned a twelve count indictment against Costin. The indictment charged Costin with one count of conspiracy to commit fraud and eleven counts of wire fraud. The indictment centered around allegations that Costin was the owner and operator of DataUSA, which company conducted surveys and political polls for clients throughout the United States. Costin was charged with executing a scheme to defraud these clients by submitting false and misleading information to them with respect to polls they paid DataUSA to conduct. Costin was arraigned on March 9, 2005. She pled guilty to Count One (conspiracy to commit fraud) of the Indictment on September 6, 2006, pursuant to a plea agreement. On December 29, 2006, Costin was charged with wilful failure to file tax returns and immediately pled guilty to Count One of the four count information pursuant to a second plea agreement.

Both plea agreements were binding under Fed.R.Crim.P. 11(c)(1)(C). They each specified that Costin would be sentenced to a term of 27 to 33 months imprisonment on the conspiracy count and a concurrent term on the tax count. Both plea agreements included an appeals waiver. Specifically, if Costin was sentenced within the stipulated sentencing range, she agreed not to "appeal or collaterally attack in any proceedings, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court...." *See, e.g.*, Plea Agreement, Case No. 05–cr–38 (Doc. No. 242) at 6. The plea agreements entered into by Costin further specified that she "knowingly and intelligently" waived her appellate rights. *See, e.g., id.*

Costin was sentenced on July 18, 2007. The court accepted both plea agreements and sentenced Costin to 27 months imprisonment on the conspiracy charge and 12 months imprisonment on the tax charge, to run concurrently, for a total of 27 months, the lowest possible sentence under the plea agreements. The court further imposed three years of supervised release and a special assessment of $125. It also entered an order of restitution of $82,732.85.

On October 23, 2007, acting *pro se,* Costin filed a petition for habeas corpus relief under 28 U.S.C. § 2255. She claims that her counsel was ineffective for failing to

argue for a downward departure based on diminished capacity. Petitioner's Response to Government's Memorandum ("Ptr.'s Resp.") at 1. She further argues that counsel was ineffective because they failed to "research and investigate witnesses ... develop evidence ... subject the prosecution's case to a meaningful adversarial challenge ... explore the plea agreement ... and disclose material facts to probation." *Id.* Finally, Costin argues that there was a breakdown in her communication with counsel that ultimately led to ineffective assistance of counsel. *Id.*

## II. STANDARD OF REVIEW

Because Costin is acting *pro se*, the court must read her "submissions broadly so as to determine whether they raise any colorable legal claims." *Parisi v. United States*, 529 F.3d 134, 139 (2d Cir.2008) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002)). In her Petition, Costin claims ineffective assistance of counsel.

When raising a claim of ineffective assistance of counsel, the petitioner must satisfy a two-part test. First, she must demonstrate that her counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also United States v. Abad*, 514 F.3d 271, 275 (2d Cir.2008). Second, she must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688,

104 S.Ct. 2052. The petitioner bears the burden of proving both of these elements. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

When raising a claim that her waiver was not knowing and voluntary, because of a diminished capacity, the petitioner must prove that at the time she was entering into the plea agreements she did not understand the nature of the charges against her, *see, e.g., Frederick v. Warden, Lewisburg Correctional Facility*, 308 F.3d 192, 197 (2d Cir.2002), the maximum penalties she faced, *see* Fed.R.Crim.P. 11(b)(1), and the rights she had that she would be giving up. *Id.* In addition, the plea must be voluntary. *See* Fed.R.Crim.P. 11(b)(2). In order to show that she did not possess the requisite understanding of the charges against her, her rights, and the maximum penalties she faced, Costin must show that she did not receive sufficient notice. *Frederick*, 308 F.3d at 197. *Id.* A plea is knowing and voluntary if a defendant acknowledges that she read, understood, and discussed the plea agreement with her attorney. *Id.* 197–8 (stating that this acknowledgment from the defendant satisfies the requirements of Fed.R.Crim.P. 11(c)(1)).

## III. DISCUSSION

### A. Waiver of Appeal

The court must first determine whether Costin's waiver of appeal pursuant to the plea agreement bars such claims.[1] The Government argues that

---

**1.** The court notes that Costin did waive her right to collaterally attack her sentence. In its plea colloquy in the tax case, the court specifically asked Costin if she understood this.

> The court: Further there is another procedure called habeas corpus. It is another way to attack your sentence after an appeal or in addition to the appeal and you are

agreeing that you won't raise that type of a challenge as long as I agree with you that the sentence should be concurrent. Do you understand that?
> The defendant: Yes.

*See* Tr. (12/29/06) at 22/15–21. The court made a similar inquiry in the conspiracy to commit fraud case. Tr. (9/6/06) at 18/3–2-/23.

Costin waived her right to appeal her sentence. It is true that a knowing and voluntary waiver of appeal is enforceable. *See Garcia–Santos v. United States*, 273 F.3d 506, 508–9 (2d Cir.2001). However, a waiver is unenforceable if petitioner can prove that, because her counsel's advice was ineffective, her waiver was not knowing and voluntary. *Parisi*, 529 F.3d at 138–9 ("by focusing on the advice [petitioner] received from [her] attorney, it connects the alleged ineffectiveness ... with the voluntariness of [her] plea.") The court in *Parisi* stated:

> [t]o raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary because the advice [s]he received from counsel was not within acceptable standards.

*Id.* at 138 (internal quotations and citations omitted). Thus, any argument made by Costin with respect to her attorney being ineffective in advising her to accept the plea would survive the waiver of appeal. *Id.* at 139.

In *Parisi*, the petitioner raised an ineffective assistance of counsel claim, stating that his counsel was ineffective because he failed to move for dismissal of the indictment. *Id.* at 138. The *Parisi* Court stated that an ineffective assistance of counsel claim, in the face of a waiver of appeal, must relate to the process by which the defendant agreed to plead guilty. *Id.* (stating petitioner "would have this Court turn its gaze away from the plea process and toward the multitude of ways in which pre-plea events might reduce the strength of the defense.... We decline that invita-

tion.") Accordingly, this court declines Costin's invitation to consider claims that relate to pre-plea events. The court will address only claims that challenge counsel's advice to Costin "to accept the plea agreement[s]" as it relates to the knowing and voluntary nature of her plea decision. *Id.* at 139.

The court is aware that it must construe *pro se* submissions broadly. *See, e.g., Diaz v. United States*, 517 F.3d 608, 613 (2d Cir.2008). Construing Costin's Petition broadly, it appears she argues in this regard that her attorneys should not have advised her to accept the plea agreements either because she was not guilty, due to mental illness, or that her attorneys should not have advised her to agree to the stipulated sentencing range because it did not reflect her diminished capacity.[2]

However, those events that relate to pre-plea events have been waived pursuant to her plea agreements. *Parisi*, 529 F.3d at 138 (finding that a petitioner who waived his right to appeal cannot bring a claim of ineffective assistance of counsel based solely on "pre-plea events rather than the plea agreement process."). The court finds that the following grounds that Costin raises relate to pre-plea events and have therefore been waived: whether counsel failed to research and investigate witnesses, *see* Ptr.'s Resp. at 43; whether counsel failed to develop evidence, *see id.* at 48–53; whether her counsel failed to negotiate an earlier plea, *see id.* at 61–62; and whether counsel failed to subject the prosecution's case to a meaningful adversarial challenge. *See id.* at 54–59.

---

**2.** It bears noting that Costin does not appear to seek to rescind her plea agreements. She appears merely to seek to vacate her sentence in order to obtain a lower sentence, based on diminished capacity and her mental illness. Construed this way, her Petition would fail *ab initio* given her waiver, her agreement to a

sentence in the range of 27 to 33 months, and the court's imposition of a 27 month sentence. However, because she appears *pro se*, the court has attempted to construe her grounds in a manner that would raise an arguable claim.

■ Similarly, Costin raises two, post-plea-agreement grounds that fail for the same reason: they do not relate to the advice she received in agreeing to plead guilty. These arguments have been waived and will not be considered by the court. They include, "whether counsel failed to disclose material facts and misrepresent material facts to probation for sentence investigation" and "whether it failed to argue for a downward departure based on diminished capacity." Ptr.'s Resp. at 2. Both of these claims relate to sentencing which occurred post-plea and therefore do not relate to the "process by which [s]he waived her right to appeal." *Parisi*, 529 F.3d at 138 (quoting *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir.2001)) (internal quotations omitted).

Further construing Costin's Petition broadly, it appears she argues that, due to her diminished capacity, her pleas were not knowing ones. Therefore, the grounds remaining in Costin's Petition are whether her counsel acted reasonably in advising her to accept the plea agreement and whether her plea was knowingly and voluntarily. The court finds that all other issues, namely those that do not relate to the plea process, have been waived pursuant to the plea agreement.

## B. Ineffective Assistance of Counsel

■ As noted, in order to succeed on a claim of ineffective assistance of counsel, the petitioner must demonstrate that her counsel's performance fell below an objective standard of reasonableness, and that but for her attorney's failure, the outcome would have been different. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052. The petitioner "bears the burden of proving that counsel's representation was unreasonable under the prevailing professional norms." *Kimmelman*, 477 U.S. at 381, 106 S.Ct. 2574. The reasonableness of counsel's performance is to be viewed from the perspective of counsel, and "the standard of review is highly deferential." *Id.*

■ As construed by the court, Costin claims that her attorneys failed to effectively represent her because they should not have advised her to plead guilty or agree to a sentencing range of at least 27 months because of her mental condition. Specifically, she argues that she suffers from battered woman's syndrome, post-traumatic stress disorder, and major depressive disorder. Ptr.'s Resp. at 10.

Costin presents no evidence that her counsel's advice to enter into the plea agreement was unreasonable. First, the evidence against Costin was overwhelming. *See, e.g.*, Suppl. Mem. in Opp. at 9. The government represents that, had the case gone to trial, it would have presented "[t]estimony from numerous DataUSA employees" who would have established "that survey data was falsified, and that the petitioner knew of the fraud and encouraged it ..." *Id.* In the face of this same evidence, her codefendant, Darryl Hylton, also pled guilty. Thus, if Costin's counsel advised her to plead guilty, it was for good reason.

Second, petitioner is unable to prove that, had her counsel done the things that she alleges they should have done, there is a "reasonable probability that ... the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *see also Abad*, 514 F.3d at 276. In order to succeed on her claim of ineffective assistance of counsel, Costin must prove that the outcome would have been different. She has not met this burden.

Third, despite petitioner's claim that her counsel failed to investigate certain claims, and did not subject the prosecution to a "meaningful adversarial challenge," it is

clear from the record that her counsel vigorously represented her. Counsel also hired an expert and investigator to assist with Costin's defense. Counsel had their investigator meet with many witnesses listed as government witnesses or who were suggested by petitioner as potential witnesses. *See* Addendum at 3. The court also notes that Costin had appointed to represent her one of the more highly regarded criminal defense attorneys in the District.

Despite this, the court granted petitioner's request for new counsel when she asked for it. This request came after her plea[3] and was addressed by the court during a hearing on May 1, 2007. Costin alleged that there was a breakdown in communication between she and her attorneys. Although the court was skeptical of Costin's representation that her attorneys were causing the communication breakdown, it granted Costin's Motion and provided her with another attorney.[4] At the sentencing, Attorney Martini, her substitute attorney, whom Costin says did a "fine job" in answering her sentencing questions, raised the issue of her abuse and other mitigating factors with the court in order to persuade the court to sentence Costin to the lowest possible term *within the plea agreement.*[5] *See, e.g.,* Tr. (7/11/07) at 8–17, 24–25.[6] Attorney Martini did not ask the court to reject the plea agreement. Consequently, Costin cannot show that her attorneys acted unreasonably.

Fourth, Costin entered into a very favorable plea agreement. The plea agreement was based on a loss amount of $200,000. The government represents that, had she not entered into the plea agreement and been convicted, it would have introduced evidence to establish a loss amount over $1,000,000. Gov't Suppl. Mem. in Opp. at 11. Additionally, the plea agreement was favorable to Costin, in that it encompassed both the tax and fraud charges and allowed them to run concurrently. This portion of the agreement allowed Costin to avoid additional jail time related to the tax charges. Moreover, petitioner made clear to the court her strong desire to avoid what would have been a multi-week trial and the publicity that accompanies it. *See* Motion to Continue Sentencing Hearing.[7] She also states that she wanted to avoid having to face Mastri, her alleged abuser. Petitioner's Reply to Government's Supplemental Memorandum in Opposition ("Ptr.'s Rep.") at 7. The plea agreement allowed her to avoid all of this.

Finally, Costin claims ineffective assistance in her counsel's advise to accept the 11(c)(1)(C) agreements, with the minimum 27 months sentence, given her mental illness or diminished capacity. Under the *Strickland* standard, Costin must demonstrate that the outcome would have been

3. It bears noting that this communication breakdown was post-plea and does not relate to advice given to Costin by her attorneys with respect to the plea agreement. The court is only considering the claim here because Costin alleges that she was "intimidated" into accepting the plea. Ptr.'s Resp. at 61.

4. The court continued the appearance of Attorney Sheehan (and his associate Attorney Kouros) because it wanted to be assured that new counsel would have the benefit of their knowledge of the evidence in the case.

5. Had the court sentenced Costin to a term outside of the parameters set forth in the plea agreement, Costin would have been entitled to withdraw her plea. Fed.R.Crim.P. 11(c)(1)(C).

6. Cites to transcripts are to page/line.

7. The Motion (Doc. No. 251) was sealed by the court.

different. Given the absence of any evidence that she lacked competency, *see* discussion *infra*, her only claim would have been her mental illness diminished capacity. However, she comes forward now with no evidence to establish this element of *Strickland*. Clearly, on the record before the court now, she would not have qualified for a diminished capacity claim under the then-advisory guidelines. *See* U.S.S.G. § 5K2.13 (2006). Costin has not evidenced that the abuse she describes by her ex-husband significantly impaired her ability to understand the wrongfulness of her behavior, nor that the abuse contributed substantially to the crimes she committed. *Id.*

Therefore, the court concludes that Costin has failed to demonstrate that she received ineffective assistance of counsel in connection with their advice to her to enter into the 11(c)(1)(C) plea agreements.

### C. Unknowing Plea

■ Construed liberally, Costin argues that her mental defects caused her to not knowingly and voluntarily enter into either plea agreement. *Id.*

Before entering into each of her pleas, the court conducted a plea colloquy in which it questioned Costin about whether she felt she was adequately represented by counsel and whether she was entering into the plea agreement voluntarily and knowingly.[8] *See, e.g.,* Tr. (12/29/06) at 7/12–14. Costin answered in the affirmative to all of these questions. *See, e.g., id.* at 14/3–10. She also stated that she had read the plea agreement and reviewed it with her attorneys. *Id.* at 29/10–20. She signed the plea agreements. *Id.* The court also questioned Costin's attorneys as to whether they believed Costin was entering into the agreement knowingly and voluntarily. *Id.* at 14/11–23. They also answered in the affirmative. *Id.* The court determined that she was competent and able to enter into the plea. *Id.* at 29/22–4; *see also* Tr. (7/11/07) at 37–8 (sentencing hearing). It would not have accepted the plea otherwise.

During the plea colloquy, the court specifically asked Costin if she was coerced in any way, and she answered in the negative.[9] *See, e.g.,* Tr. (12/29/06) at 27/13–15. She had two separate opportunities to bring any coercion to the court's attention, but she did not. Furthermore, Costin filed a motion for substitute counsel on April 13, 2007, which the court granted after conducting a hearing on the matter. At the hearing, the court specifically asked if Costin was requesting that the court approve the plea agreement. Her attorney stated that, "We're still asking your honor to grant that," Tr. (5/1/07) at 4, and Costin did not disagree.

During the change of plea proceedings, Costin appeared to this court as intelligent and fully engaged in the case and her defense. At no time did she say or do anything that would raise a doubt that she was not competent, or did not understand what she was doing.

More telling, however, is the fact that Costin presents no evidence that she was not competent at the time of her pleas. A letter from Dr. Joshua Brant is attached to

---

8. It bears noting that, because Costin entered into two separate plea agreements, on two separate dates the court conducted this colloquy. The first was on September 6, 2006. The second was on December 29, 2006. Costin gave essentially the same answers to the same questions.

9. Costin now states that she was "intimidated into accepting" the plea agreement. *See* Ptr.'s Resp. at 61.

her Response, indicating that she had exhibited symptoms of "Battered Wife Syndrome."[10] Ptr.'s Resp. at 211A. Nothing in this letter indicates that these disorders would affect Costin's ability to enter into a knowing and voluntary plea. Further, Costin presents no evidence that suffering from such a syndrome affects one's competency, or her ability to understand the questions put to her during the plea agreement colloquy. Moreover, Costin's counsel, Michael Sheehan, stated in a letter to Costin that a defense based on battered women's syndrome was, in his opinion, not "viable" because her position was not that she was forced into committing a crime, but rather than she never committed the crime in the first place. Addendum to Ptr.'s Rep. ("Addendum") at 3.[11]

Based on the foregoing, and particularly on Costin's failure to demonstrate she lacked the ability to enter into the plea agreements and to enter a knowing and voluntary plea of guilty on September 6, 2006 and on December 29, 2006, the court denies her Petition on this ground.

## IV. CONCLUSION

The court finds that Costin has not met the high burden of showing that her counsel acted unreasonably, and therefore has not proved that she received ineffective assistance of counsel. Further, she has not showed that she lacked the mental capacity to knowingly enter into her two guilty pleas.

10. The letter is dated November 21, 2006. Dr. Brant was Costin's psychotherapist. He diagnosed Costin as someone who suffers from Major Depressive Disorder, Posttraumatic Stress Disorder, and Battered Wife Syndrome. Ptr.'s Resp. at 211A.

11. Costin filed an Addendum to her Reply to the Governments Supplemental Memorandum (Doc. No. 20), which included a copy of

The court thereby DENIES her Motion to Set Aside, Vacate, or Correct Sentence (Doc. No. 1). Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

a letter to her from Attorney Sheehan. His letter was in response to an email he received from Assistant United States Attorney Chang (also attached) asking if statements that Costin made in her pleadings about Sheehan's representation were true. The court views the fact that Costin attached the letter and email to her pleading as an indication that she wants the court to rely on them.