09-2583-cr
USA v. Rivera

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of August, two thousand and ten.

PRESENT:

    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
           *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       *Appellee,*

       -v.-                       No. 09-2583-cr

GUILLERMO RIVERA, also known as Willie, also known as El Enano.

       *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**    JONATHAN I. EDELSTEIN, New York, NY.

**FOR APPELLEE:**    BRENDAN G. KING, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, *on the brief,* and Susan Corkery, Assistant United States Attorney, *of counsel*), United States Attorney's Office for the Eastern District of New York, New York, NY.

Appeal from a June 3, 2009 judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

On July 3, 2007, Guillermo Rivera ("defendant" or "Rivera") was charged in a single count indictment of conspiracy to import one or more kilograms of heroin into the United States in violation of 21 U.S.C. § 952(a). On September 11, 2007, Rivera entered a plea of guilty before the District Court without the benefit of a plea agreement. Rivera was sentenced to 70 months' imprisonment, followed by five years of supervised release. He filed a timely appeal. We assume the parties' familiarity with the remaining factual and procedural history of the case.

(i)

On appeal, Rivera claims that the District Court violated Federal Rule of Criminal Procedure 11 by failing to ensure that he understood the nature of the charges against him. To successfully challenge the validity of a guilty plea based on a Rule 11 violation, a defendant "must establish that the violation constituted a constitutional or jurisdictional error, or establish that the error resulted in a complete miscarriage of justice, or [that it resulted] in a proceeding inconsistent with the rudimentary demands of fair procedure." *Zhang v. United States*, 506 F.3d 162, 168 (2d Cir. 2007)(internal quotation marks omitted). In addition, the defendant must demonstrate that he was prejudiced by the error. Where the error was not preserved below, the defendant must show that the Rule 11 violation "affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005)(internal quotation marks omitted).

Here, the record establishes that Rivera received and reviewed a copy of the indictment prior to his plea. These circumstances, even "standing alone," give rise to a presumption that Rivera understood the nature of the charges against him. *Bousley v. United States*, 523 U.S. 614, 618 (1998). Second, the District Court read the substance of the indictment aloud to Rivera and asked him if he understood it, and he answered in the affirmative. Third, the government recited evidence that it would prove at trial if Rivera were to plead not guilty, including a description of Rivera's specific involvement in the conspiracy. *See Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 197 (2d Cir. 2002) (stating that "the government's recital of its evidence against [a defendant] at the plea hearing [adds] factual flesh to the bones of the charge"). And finally, the District Court conducted a factual inquiry during Rivera's plea allocution, in which Rivera confirmed that he had entered into an agreement with another person to import the drugs, that he knew his activities involved one kilogram or more of the drug heroin, and that he had received some of the heroin in Brooklyn or Queens. *United States v. Andrades*, 169 F.3d 131 (2d Cir. 1999), on which Rivera relies in his brief, is inapposite, because there the district court was less thorough in its examination to ensure that the defendant understood the nature of the charges; moreover, in *Andrades*, the defendant's mental competence at the time of his plea submission was in doubt. *Id.* at 133-36. In the case before us, we are satisfied that Rivera understood the nature of the charges against him in entering his plea of guilty.

(ii)

Second, Rivera claims that the District Court failed specifically to advise him of his right to compel witnesses at trial, in violation of Federal Rule of Criminal Procedure 11(b)(1)(e). The record reflects that while the Court advised Rivera of the right to confront and cross-examine witnesses, the right to be protected from compelled self-incrimination, and the right to testify and present evidence on

2

his own behalf, the Court did not inform him specifically of the right to *compel* witnesses at trial. Even assuming that omission was error, *see United States v. Journet*, 544 F.2d 633, 636 (2d Cir. 1976) (holding that a district judge must inform the defendant of "each and every right" set out in Rule 11), Rivera cannot establish that the error affected his substantial rights. *See Vaval*, 404 F.3d at 151. He has not shown a reasonable probability that he would have acted differently at the plea proceeding but for his lack of knowledge about the right to compel witnesses. Accordingly, the alleged violation does not provide a basis for vacating the conviction.

## CONCLUSION

We have considered each of Rivera's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3