16-211 (L)
United States v. Carr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO
A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S
LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH
THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY
CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT
REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Thurgood Marshall United States
Courthouse, 40 Foley Square, in the City of New York, on the
31st day of October, two thousand seventeen.

PRESENT:
        DENNIS JACOBS,
        GERARD E. LYNCH,
                Circuit Judges,
        PAUL A. CROTTY,*
                District Judge.
_____

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    16-211 (Lead)
                                                16-378 (Con)

DEREK CARR,
        Defendant-Appellant.
_____

FOR DEFENDANT-APPELLANT:    ROBIN CHRISTINE SMITH, New York,
                            NY.

_____

        *    Judge Paul A. Crotty, United States District Court for
the Southern District of New York, sitting by designation.

**FOR APPELLEE:** STEVEN D. CLYMER (Miroslav Lovric on the brief), Assistant United States Attorneys, for Grant C. Jaquith, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Derek Carr pleaded guilty to a two-count indictment charging him with conspiracy to possess with intent to distribute controlled substances ("Count One") and possession of a firearm in furtherance of a drug-trafficking crime ("Count Two"). He now appeals the judgment of conviction entered by the United States District Court for the Northern District of New York (McAvoy, J.), arguing that the court failed to ensure both that he understood the charge in Count One and that there was a sufficient factual basis for his plea as to either count. See Fed. R. Crim. P. 11(b). Because Carr did not raise these challenges below, our review is for plain error.[1] See United States v. Torrellas, 455 F.3d 96, 103 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.** Carr argues that the district court committed Rule 11 error by failing to ensure that he understood the elements of the conspiracy charge to which he pleaded guilty. See Fed. R. Crim. P. 11(b)(1)(G) (before accepting a guilty plea, a court must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading"). Specifically, he argues that he was not adequately apprised of the fact that a conspiracy requires a "[knowing] agreement between two or more persons to commit an offense." United States v. Blackwell, 199 F.3d 623, 626 (2d Cir. 1999) (internal quotation marks and citation omitted). This assertion is belied by the record.

---

[1] We need not address the government's argument that Carr's appeal is barred by the waiver-of-appeal provision in his plea agreement because Carr's claims fail easily on the merits.

"A district court is not required to follow any particular formula in determining that the defendant understands the nature of the charge to which he is pleading guilty." United States v. Andrades, 169 F.3d 131, 135 (2d Cir. 1999). A court can ensure that Rule 11(b)(1)(G) is satisfied in any one of several ways. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 197 (2d Cir. 2002). For example, the court may "describ[e] the elements of the offense in [its] own words," or provide that same information "by reading the indictment to the defendant where the pertinent count spells out the elements of the offense and the circumstances indicate that this will be sufficient." United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997). The district court here did both, thereby satisfying Rule 11(b)(1)(G).

Carr's plea agreement, which, like the one in Frederick, "contained a clear description of the charged conduct," reinforces the determination that Carr understood the conspiracy charge against him. 308 F.3d at 197. The plea agreement clearly laid out the elements of the conspiracy charge, specifically stating that "[t]he defendant understands that the following are the elements of the offense of Count [One]," before listing the elements in sequence. App'x at 43. The elements listed included, inter alia, "that the conspiracy [or] agreement . . . was . . . entered into by two or more persons"; "[that] the defendant knew the purpose of the agreement, and then deliberately joined [it]"; and "that the conspiracy involved the possession with intent to distribute . . . one or more controlled substances [as part of a] jointly undertaken criminal activity". Id. at 43-44.

At the change of plea hearing, the court confirmed Carr's comprehension of that information. In response to direct questioning from the court, Carr stated that he had read the agreement, that his attorney had explained it to him, that he had understood it, and that he had signed it voluntarily. See id. at 35. For these reasons, there was no error.

3

**2.** Carr argues next that the district court's entry of judgment against him amounted to Rule 11 error because there was an insufficient factual basis for his guilty plea on either count. See Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.").

Rule 11(b)(3) is "designed to 'protect a defendant who is . . . pleading voluntarily . . . without realizing that his conduct does not actually fall within the charge.'" United States v. Smith, 160 F.3d 117, 121 (2d Cir. 1998) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). It does "not require[] [a court] 'to weigh evidence to assess whether it is [] more likely than not that the defendant is guilty.'" United States v. Robinson, 799 F.3d 196, 199 (2d Cir. 2015) (quoting Maher, 108 F.3d at 1524). It requires simply "that the court 'assure itself [] that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty.'" United States v. Garcia, 587 F.3d 509, 514 (2d Cir. 2009) (quoting Maher, 108 F.3d at 1524). The court can find the factual basis for the plea anywhere in the record, including in "the presentence report[] 'or [any other source] appropriate in a specific case.'" Smith, 160 F.3d at 121 (quoting Maher, 108 F.3d at 1524).

The facts acknowledged by Carr in his plea agreement were sufficient to establish that his conduct fell within the scope of the conspiracy charge in Count One. In his plea agreement, Carr admitted to conspiring with at least thirteen specifically-named individuals to distribute drugs in the greater Binghamton, New York region. He admitted to acquiring drugs from those individuals and to later distributing them around Binghamton. And he admitted that, as part of a "jointly undertaken criminal activity," he and those individuals had distributed 300 grams or more of crack cocaine, 5 kilograms or more of cocaine, and 120 grams or more of heroin. App'x at 45; see United States v. Dupree, 870 F.3d 62, 78 (2d Cir. 2017) (a defendant is guilty of a drug conspiracy if he "knew the conspiracy existed, intentionally joined it with specific intent to commit [its] object[,] . . . and knew or could

4

reasonably foresee [the] quantity and type of drugs [involved]").

As to the firearms charge in Count Two--which requires proof that the defendant both committed the drug offense in Count One and used a firearm in furtherance of that offense, see United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999)--the plea agreement provided specifically that Carr had "carried and possessed a firearm" in furtherance of the drug conspiracy described above. App'x at 45.

Because those facts established a sufficient factual basis for Carr's plea under Rule 11(b)(3), his claim of error fails.

We have considered Carr's remaining arguments and find them to be without merit. Finding no error, let alone the plain error Carr must demonstrate to prevail on this appeal, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk