22-1013-cr
*United States v. Rosado*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand twenty-four.

PRESENT:
BARRINGTON D. PARKER,
ALISON J. NATHAN,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

United States of America,

*Appellee,*

v.                                                                              22-1013-cr

Steve Rosado,

*Defendant-Appellant*

_____

1

**For Appellee:**                    DAMIAN WILLIAMS, *U.S. Attorney for the Southern District of New York*, New York, NY; JONATHAN L. BODANSKY, JANE Y. CHONG, STEPHEN J. RITCHIN, *on the brief*

**For Defendant-Appellant:**                    Steve Rosado, *pro se*

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court as to Defendant-Appellant Steve Rosado's *pro se* challenges to his conviction is **AFFIRMED**.[1]

In November 2021, Rosado pled guilty pursuant to a plea agreement to (1) attempted enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), and (2) attempted receipt of child pornography after having been convicted of sex offenses involving minors, in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1).  Proceeding *pro se*, Rosado raises multiple challenges to his conviction.

---

[1] In a separate *per curiam* opinion filed concurrently with this summary order, we remand to the district court to amend Rosado's sentence.

2

First, Rosado argues that during his plea colloquy, the district court violated Rule 11 by failing to explain the elements of 18 U.S.C. § 2422(b). We review this contention for plain error because no objection was raised before the district court. *See United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016). During the plea colloquy, the district court confirmed with Rosado that he had read the counts to which he was pleading, discussed them with his attorney, and understood them. At the district court's prompting, Rosado also described the conduct that established his guilt under 18 U.S.C. § 2422(b). On this record, Rosado has not shown that the district court committed plain error. *See Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 197–98 (2d Cir. 2002).

Moreover, Rosado's contention that the district court failed to properly explain the elements of the § 2422(b) charge is based on his misunderstanding of controlling law. Rosado contends that the district court should have explained to him that simply persuading a proxy to allow him to have sex with a minor was insufficient to establish guilt for enticement. However, this Court has made clear that a defendant may "commit criminal enticement pursuant to § 2422(b) by communicating with a person he believed to be the adult guardian of a minor." *United States v. Douglas*, 626 F.3d 161, 165 (2d Cir. 2010); *see also id.* at 164 (noting

3

that "persuading a minor's adult guardian to lead a child to participate in sexual activity" may be a basis for liability).[2]  There is no legal basis for Rosado's claim that he was entitled to receive his requested explanation from the district court.

Second, Rosado argues that a warrant the government secured in December 2020 to search his residence was not supported by probable cause and, consequently, that the evidence obtained pursuant to it should have been suppressed.  We see no merit to this contention, and in any event, it is foreclosed by his guilty plea.  It is well settled that a valid guilty plea forecloses a defendant's opportunity to challenge the admissibility of evidence obtained in violation of the Fourth Amendment.  *See Class v. United States*, 583 U.S. 174, 182 (2018).  Moreover, Rosado has not demonstrated the "good cause" necessary to excuse his failure to raise this issue before the district court.  *United States v. Klump*, 536 F.3d 113, 120 (2d Cir. 2008) (quoting Fed. R. Crim. P. 12(c)(3)).

---

[2] To the extent Rosado claims that he cannot be criminally liable because he tried to persuade an adult proxy to let him have sexual relations with her children rather than persuade her to lead the children to have sexual relations with him, this is a distinction without a difference and has no merit.  *Cf. United States v. Waqar*, 997 F.3d 481, 488 (2d Cir. 2021) (holding that "18 U.S.C. § 2422(b) imposes no requirement that an individual endeavor to 'transform or overcome' the will of his intended victim").

4

Third, Rosado argues ineffective assistance of counsel based on his attorney's failure to challenge the December 2020 warrant. We decline to address the merits of this claim because direct appeal generally is not the appropriate vehicle for doing so in the first instance. *See United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir. 2003). Such claims may be raised in a motion pursuant to 28 U.S.C. § 2255, especially when, as is the case here, the defendant "did not raise these contentions in the district court, [so] there is no record that would permit them to be assessed on this appeal." *United States v. Laurent*, 33 F.4th 63, 97 (2d Cir. 2022).

Fourth, Rosado challenges the district court's refusal to dismiss his initial indictment. Rosado argued in the district court that there was insufficient evidence to support a conviction under 18 U.S.C. § 2422(b). But that argument is now foreclosed by his guilty plea. *See United States v. Bastian*, 770 F.3d 212, 217 (2d Cir. 2014). Additionally, the district court properly dismissed Rosado's contention that the allegations in the initial indictment were insufficient as a matter of law. *See* Memorandum Order at 5–7, *United States v. Rosado*, No. 1:21CR00003 (S.D.N.Y. June 4, 2021), ECF No. 13. Rosado argued that his communications with the purported mother, rather than directly with the

5

minors, were inadequate to support a conviction under 18 U.S.C. § 2422(b), but as discussed above, this argument has no basis in our precedent regarding liability for enticement and was correctly rejected by the district court.

*        *        *

We have considered Rosado's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment with respect to Rosado's *pro se* challenges to his conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6