*United States v. Collymore*

# United States Court of Appeals
## For the Second Circuit

August Term 2019

Argued: June 1, 2020
Decided: March 7, 2023

No. 19-596

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

DWAINE COLLYMORE, AKA TWIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of New York
No. 16-cr-521, Colleen McMahon, *Judge.*

Before:     SULLIVAN, PARK, and NARDINI, *Circuit Judges.*

In 2021, this Court affirmed Defendant Dwaine Collymore's conviction after a guilty plea in the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*). Among other things, we affirmed Collymore's conviction under 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2 for using, brandishing, and discharging a firearm during and in relation to an attempted Hobbs Act robbery, as well as his conviction under 18 U.S.C. §§ 924(j)(1) and 2 for murdering a person with a firearm during and in relation to an attempted Hobbs Act robbery.

*See United States v. Collymore*, 856 F. App'x 345 (2d Cir. 2021). The Supreme Court has now vacated our judgment and remanded to us for further consideration in light of its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *See Collymore v. United States*, 142 S. Ct. 2863 (2022). Having given due consideration to *Taylor*, we vacate the section 924(c) conviction and – for the first time in this Circuit after *Taylor* – the section 924(j) conviction. We leave all other aspects of our prior decision intact.

VACATED IN PART, AFFIRMED IN PART, AND REMANDED.

JARED LENOW (Hagan Scotten and Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, VT, *for Defendant-Appellant*.

PER CURIAM:

In 2018, Defendant Dwaine Collymore pleaded guilty to four criminal charges stemming from an attempted robbery, during which Collymore fatally shot a man in the head as the already-injured victim lay defenseless on the ground. Specifically, Collymore pleaded guilty to (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); (2) attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); (3) using, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Three);

2

and (4) murdering a person with a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(j)(1) and 2 (Count Four). After Collymore pleaded guilty, the district court sentenced him to 525 months' imprisonment, with the judge observing that she was "hard pressed to think of a more heinous, cold-blooded crime in [her] 23 years as a judge." App'x at 113. Collymore appealed, and in 2021, this Court issued a summary order affirming the judgment of conviction. *See United States v. Collymore*, 856 F. App'x 345 (2d Cir. 2021). But in 2022, the Supreme Court vacated our judgment and remanded the case to us for further consideration in light of its decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). *See Collymore v. United States*, 142 S. Ct. 2863 (2022). We now reconsider the two arguments Collymore raised on appeal.

*First*, Collymore argued that Counts Three and Four must be vacated because they derive from his conviction for attempted Hobbs Act robbery, which he argued is not categorically a crime of violence. After *Taylor*, Collymore is correct. Attempted Hobbs Act robbery no longer qualifies as a crime of violence under section 924(c)(3)(A), and therefore cannot serve as a predicate for Collymore's conviction under section 924(c)(1)(A). *See United States v. McCoy*, 58 F.4th 72, 73–74 (2d Cir. 2023) (subsequent to *Taylor*, reversing section-924(c)

3

convictions predicated on attempted Hobbs Act robbery). Furthermore, because an element of an offense under section 924(j)(1) is that the defendant was "in the course of a violation of [section 924(c)]," attempted Hobbs Act robbery also cannot serve as a predicate for Collymore's conviction under section 924(j)(1). *United States v. Hill*, 890 F.3d 51, 54 (2d Cir. 2018) (quoting 18 U.S.C. § 924(j)); *see also Wallace v. United States*, 43 F.4th 595, 601 (6th Cir. 2022) (subsequent to *Taylor*, reversing a district court's denial of a request under 28 U.S.C. § 2255 to vacate a section-924(j) conviction predicated on attempted Hobbs Act robbery). Thus, having given due consideration to *Taylor*, we vacate Collymore's convictions on Counts Three and Four.

*Second*, Collymore contended that the magistrate judge who presided over his plea colloquy misinformed him about his mandatory-minimum sentence, and thus violated Rule 11 of the Federal Rules of Criminal Procedure, when she told him that he faced a minimum sentence of 30 years' imprisonment. Although Collymore in fact did face a 30-year mandatory minimum at the time he appeared before the magistrate judge for his change of plea hearing, the First Step Act later reduced the mandatory minimum to 15 years. *See* Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018). Citing this statutory amendment, along with his

4

purported misgivings throughout the district court proceedings, Collymore argued that the record cast doubt on whether he knowingly and voluntarily pleaded guilty. We disagreed, *see Collymore*, 856 F. App'x at 346–48, and because our reasoning regarding the purported Rule 11 error is unaffected by *Taylor*, we adopt and include below the relevant section of our prior summary order, *see Escalera v. Coombe*, 852 F.2d 45, 47 (2d Cir. 1988) ("Any reconsideration at this juncture of our earlier opinion must be limited to the scope of the Supreme Court's remand.").[1]

Where, as here, a defendant never objected in the district court to the purported Rule 11 violation, the defendant must establish plain error. *United States v. Mercado*, 349 F.3d 708, 709 (2d Cir. 2003). To be plain, an error of the district court must be "obviously wrong in light of existing law." *United States v. Pipola*, 83 F.3d 556, 561 (2d Cir. 1996). In addition, "to show plain error, a defendant must establish . . . that there is a reasonable probability that, but for the

---

[1] In passing, Collymore also contended that the district court violated Rule 11(b)(3) by "fail[ing] to adequately ascertain a factual basis for the plea in that attempted Hobbs Act robbery is not a crime of violence," thereby "increas[ing] the mix of misinformation that [attended] the change of plea." Reply Br. at 14; *see also id.* at 1; Collymore Br. at 20, 24. We decline, however, to consider that undeveloped argument. *See United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013).

error, he would not have entered the plea." *United States v. Espinal*, 634 F.3d 655, 658 (2d Cir. 2011) (internal quotation marks omitted).

There is no dispute that when Collymore appeared for his change of plea hearing on February 15, 2018, the magistrate judge correctly informed him of the mandatory-minimum sentences then required by section 924(c). Nevertheless, by the time Collymore appeared for sentencing in February 2019, the First Step Act had been signed into law, eliminating the enhanced penalty for multiple section-924(c) convictions charged in the same indictment where the defendant does not have a prior final section-924(c) conviction. But even if we assume the legal fiction that the magistrate judge committed a Rule 11 error by failing to predict the passage of the First Step Act, Collymore still could not satisfy the plain-error standard because there is no "reasonable probability" that, but for the magistrate judge's announcement of the 30-year mandatory minimum, Collymore would not have entered his plea. *Id.*

As clearly reflected in the record, Collymore was repeatedly informed before sentencing about the new mandatory-minimum sentence under the First Step Act, and yet he never requested to withdraw his plea or indicated dissatisfaction with it. For example, in January 2019, both defense counsel and the

6

government filed letters with the court acknowledging the impact of the First Step Act on Collymore's section-924(c) convictions. In mid-February, Collymore received – and reviewed with counsel – an updated Presentence Investigation Report ("PSR") that expressly "corrected and clarified" the penalties for Count Four "[i]n light of the enactment of the First Step Act of 2018." PSR at 27. And at the commencement of the sentencing proceeding on February 25, 2019, the district court correctly advised Collymore of the post-First Step Act mandatory minimums. At no point did Collymore express confusion or doubt as to the revised penalties he faced, nor did he ever attempt to withdraw his plea or assert a desire to go to trial. This case is thus entirely different from a case where the district court "failed to rectify" possible confusion by notifying the defendant of relevant changes in the law that occurred after the defendant pleaded guilty but before he was sentenced. *United States v. Harrington*, 354 F.3d 178, 180 (2d Cir. 2004). If the mandatory-minimum sentence had actually mattered to Collymore's plea decision, "once he learned the shorter [minimum] applied[,] he surely would have asked the district court to permit him to withdraw his plea." *United States v. Westcott*, 159 F.3d 107, 112 (2d Cir. 1998). But he never did.

Nothing else in the record suggests that a reduction to the applicable mandatory-minimum sentence would have altered Collymore's decision to plead guilty. Though Collymore contends that a misstatement from the district court at his initial sentencing conference in February 2019 contributed to his confusion, that misstatement – made nearly a year *after* Collymore pleaded guilty – obviously could not have "had an effect on his decision to plead guilty." *Harrington*, 354 F.3d at 184 (internal quotation marks omitted). And while Collymore expressed some concerns as to his counsel's effectiveness after he pleaded guilty, he did not indicate that those concerns were in any way tied to his mandatory-minimum sentence. As his attorney put it when requesting a sentencing adjournment, any misgivings that Collymore expressed prior to his sentencing were "not addressed to the plea at all." App'x at 92. Moreover, even if Collymore could have predicted the eventual passage of the First Step Act before pleading guilty, such knowledge likely would not have aided him in negotiating a plea deal with the government since, as the government emphatically stated during the plea colloquy, "no formal plea offer has been made[,] and none will be made." *Id.* at 38. We therefore cannot conclude that the purported Rule 11 error made any difference in Collymore's guilty-plea calculation. *See Espinal*, 634 F.3d at 658; *Harrington*, 354 F.3d at 184.

8

Accordingly, for the reasons stated herein, we **VACATE** Collymore's convictions on Counts Three and Four, **AFFIRM** Collymore's convictions in all other respects, and **REMAND** this matter to the district court for resentencing in light of our partial vacatur.