*United States v. Jordan*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.

19-3032-cr (L),
19-3365-cr (Con),
19-4070-cr (Con)

KIFANO JORDAN, AKA Shotti, ROLAND MARTIN, AKA Ro Murda, AARON YOUNG,

*Defendants-Appellants*.[1][2]

---

| | |
|---|---|
| For Appellee: | MICHAEL D. LONGYEAR (Won S. Shin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY |

---

[1] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

[2] We have already decided Roland Martin's and Aaron Young's appeals. *See* No. 19-4070, Dkt. 99 (2d Cir. Jan. 15, 2021) (granting the government's motion to dismiss Young's appeal); No. 19-3032-cr, Dkt. 173 (2d Cir. Aug. 2, 2021) (granting the government's motion to dismiss Martin's appeal). This summary order addresses only Jordan's appeal.

For Defendant-Appellant:                    JAMESA J. DRAKE, Drake Law LLC, Auburn, ME

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kifano Jordan appeals from a September 6, 2019, judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *District Judge*), following his guilty plea to a two-count information pursuant to a plea agreement. Count One charged him with possessing a firearm during and in relation to a crime of violence, namely assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2, and Count Two charged him with brandishing and discharging a firearm during and in relation to a crime of violence, namely attempted murder in aid of racketeering, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii) and 2. The district court sentenced Jordan to 180 months of imprisonment, to be followed by five years of supervised release. We assume the parties' familiarity with the case.

On appeal, Jordan argues that his § 924(c) convictions must be vacated because they are not predicated on crimes of violence. Put differently, this amounts to a claim that the district court erred in accepting Jordan's guilty pleas to both counts.[3] "We review legal questions underlying a challenge to a criminal conviction *de novo*." *United States v. Hendricks*, 921 F.3d 320, 326 (2d

---

[3] We have held that a guilty plea generally waives any non-jurisdictional defect in prior proceedings. *See, e.g.*, *United States v. Rubin*, 743 F.3d 31, 35 (2d Cir. 2014). The government has not argued that Jordan waived any challenges to the validity of his charging information by virtue of his guilty plea. We therefore express no view on whether such a waiver occurred and instead consider Jordan's arguments on the merits.

Cir. 2019).[4]  But because Jordan raises this issue for the first time on appeal, we will reverse only if he can demonstrate plain error.  Fed. R. Crim. P. 52(b).  To do so, a defendant must show (among other things) that the district court's "error is clear or obvious, rather than subject to reasonable dispute."  *United States v. Marcus*, 560 U.S. 258, 262 (2010).

A defendant can be convicted under 18 U.S.C. § 924(c) if he used, carried, or possessed a firearm in furtherance of a "crime of violence," *United States v. Morris*, 61 F.4th 311, 316 (2d Cir. 2023) (citing 18 U.S.C. § 924(c)(1)(A)), which is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," *id.* (quoting 18 U.S.C. § 924(c)(3)(A)).  To determine whether the predicate offense is a crime of violence, courts apply a categorical approach under which they "identify the minimum criminal conduct necessary for conviction under a particular statute by looking only to the statutory definitions" and "evaluate whether this minimum conduct falls within the definition of a crime of violence under section 924(c)(3)(A)."  *United States v. Pastore*, 83 F.4th 113, 118 (2d Cir. 2023).  Where a statute is divisible—in other words, "list[s] elements in the alternative, and thereby define[s] multiple crimes"—courts employ a "modified categorical approach."  *Id.*  Under that approach, courts must "identify the *specific* predicate crime supporting a § 924(c) conviction" by reviewing "a limited class of documents from the record of conviction."  *Morris*, 61 F.4th at 318–19; *see also Shepard v. United States*, 544 U.S. 13, 16 (2005) (stating that in identifying the predicate crime, courts are "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented").  After identifying the specific predicate crime,

---

[4] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

courts "compare the elements of the offense of conviction with section 924(c)(3)(A)'s definition of a crime of violence." *Pastore*, 83 F.4th at 119.

## I.       Count One

Count One of the Information is predicated on assault with a dangerous weapon in aid of racketeering, in violation of a subsection of the Violent Crimes in Aid of Racketeering ("VICAR") statute, specifically 18 U.S.C. § 1959(a)(3). Jordan argues that, in general, VICAR assault with a dangerous weapon is not categorically a crime of violence, drawing on the "common-law meaning" of assault. Appellant's Br. at 22. But Jordan overlooks the fact that the modified categorical approach applies to VICAR assault with a dangerous weapon because it is divisible into multiple crimes. *Morris*, 61 F.4th at 319. To be liable for this offense, the defendant must have committed assault with a dangerous weapon "in violation of the laws of any State or the United States." 18 U.S.C. § 1959(a). Accordingly, because "[Jordan's] substantive VICAR offense [itself] hinges on [an] underlying predicate offense, . . . we look to that predicate offense to determine whether [Jordan] was charged with and convicted of a crime of violence." *Pastore*, 83 F.4th at 119–20. The government contends that the specific predicate offense is second-degree menacing under N.Y. Penal Law ("N.Y.P.L.") § 120.14(1). We agree.

The *Shepard* materials establish that the specific predicate offense with which Jordan was charged in Count One is N.Y.P.L. § 120.14(1). Specifically, the plea agreement states that Count One of the Information is the same offense as the one charged in Count Three of the Sixth Superseding Indictment ("Indictment"). Count Three of that Indictment, in turn, charged Jordan with VICAR assault with a dangerous weapon, explicitly alleging that his conduct violated N.Y.P.L. § 120.14 as well as N.Y.P.L. § 20.00, which governs criminal liability for accessorial

4

conduct. During the plea proceeding, the district court confirmed that Jordan understood that Count One of the Information is the same offense as charged in Count Three of the Indictment.

The identification of N.Y.P.L. § 120.14 does not end our inquiry. Because that statute sets forth multiple crimes in its subsections, we must identify the specific subsection that serves as the predicate offense. Jordan argues that the *Shepard* documents fail to identify any of the three subsections of N.Y.P.L. § 120.14, let alone subsection (1) as the government contends, and therefore the Count One conviction must be vacated because not all subsections of N.Y.P.L. § 120.14 constitute a crime of violence. But the *Shepard* documents clearly show that Jordan's conviction is predicated on subsection (1) of N.Y.P.L. § 120.14, which punishes a defendant who "intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon." None of the other subsections involve assault with a dangerous weapon, which is the VICAR offense cited in Count One of the Information. Subsections (2) and (3) of N.Y.P.L. § 120.14 respectively prohibit stalking behavior and violating orders of protection. Moreover, Jordan's admitted-to conduct implicates only subsection (1). In establishing the factual basis for Count One during the plea allocution, Jordan stated that he "knowingly participated in a robbery of an individual in the vicinity of West 40th Street and 8th Avenue in Manhattan, and possessed a weapon in furtherance of this crime." App'x at 50. Notably lacking in Jordan's allocution is any mention of stalking or violations of orders of protection.[5]

---

[5] In his reply, Jordan argues that if N.Y.P.L. § 120.14(1) is the specific predicate offense for Count One, then there is an insufficient factual basis for his guilty plea to Count One. In particular, he argues that he did not allocute during the plea proceeding that he displayed his weapon, as required under N.Y.P.L. § 120.14(1). But this argument is waived because Jordan raises it for the first time in his reply brief. *Meyer v. Seidel*, 89 F.4th 117, 128 (2d Cir. 2023). Even if we were to consider it, we would review for plain error because Jordan did not object to the sufficiency of his guilty plea before the district court. *United States v. Collymore*, 61 F.4th 295, 298 (2d Cir. 2023). And applying the plain error standard, we would find that Jordan's argument fails because he has not pointed to any evidence

Having determined that Count One is predicated on a violation of N.Y.P.L. § 120.14(1), we conclude that the district court did not plainly err in accepting Jordan's guilty plea for Count One. Neither the Supreme Court nor we have addressed whether a violation of N.Y.P.L. § 120.14(1) constitutes a crime of violence under § 924(c), much less is there binding case law holding that it is not. Indeed, a review of the elements of and the case law concerning N.Y.P.L. § 120.14(1) demonstrates that a district court could reasonably conclude that the offense requires "the use, attempted use, or threatened use of physical force against the person." 18 U.S.C. § 924(c)(3)(A); *see, e.g.*, *People v. Bartkow*, 96 N.Y.2d 770, 772 (2001) (stating that second-degree menacing "requires an intent to place another person in 'reasonable fear of physical injury' by 'displaying' a weapon or dangerous instrument" (quoting N.Y.P.L. § 120.14(1))). Absent any binding decision indicating that N.Y.P.L. § 120.14(1) does not constitute a crime of violence, we cannot say that the district court committed any clear or obvious error. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004).

## II.    Count Two

Count Two is predicated on attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), a provision of the VICAR statute. Again, Jordan argues that VICAR attempted murder is not categorically a crime of violence. But, as with VICAR assault with a dangerous weapon, VICAR attempted murder is divisible into multiple crimes because it could be predicated on any number of federal and state crimes. Thus, the modified categorical approach applies, under which we identify the specific predicate crime—here, the law that Jordan violated during his commission of the VICAR attempted murder offense. *See Pastore*, 83 F.4th at 119–20.

---

establishing "that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.*

The government contends that the specific predicate offense is an attempted violation of N.Y.P.L. § 125.25(1), New York's second-degree murder statute. We agree.

The *Shepard* materials demonstrate that the specific predicate offense for Count Two is an attempted violation of N.Y.P.L. § 125.25(1). As a preliminary matter, it is clear that Jordan's offense is predicated on state law. Jordan's conduct underlying Count Two, which involved him shooting at a car to containing rivals of his gang, took place in New York on April 21, 2018. His conduct does not satisfy the jurisdictional elements of the federal murder statute, which punishes murders occurring "[w]ithin the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 1111(b). New York law, by contrast, does apply to his conduct because it occurred in the state. The question then is which New York statute serves as the predicate. Neither the Information nor the plea agreement identifies a state statute in connection with Count Two. But the Indictment cites N.Y.P.L. § 125.25 when discussing attempted murder. Specifically, Count One of the Indictment charged all defendants in the case with a racketeering conspiracy that lasted from 2013 to November 2018, alleging that they committed attempted murder (among other offenses), in violation of N.Y.P.L. § 125.25 and the New York statute on attempt to commit a crime. Count Two of the Indictment charged the defendants with a violation of § 924(c) based on the racketeering conspiracy alleged in Count One of the Indictment. Outside of attempted murder, the Indictment also charged Jordan and various other defendants with conspiracy to commit murder, in violation of N.Y.P.L. § 125.25 and the New York statute governing conspiracy. There is no evidence to suggest that a statute other than the one cited in the Indictment for attempted murder would be used to serve as the basis for an attempted murder charge for conduct occurring within the racketeering conspiracy time period, as alleged in Count Two of the Information. Accordingly, Count Two is based on N.Y.P.L. § 125.25.

Turning to N.Y.P.L. § 125.25, this statute sets forth multiple offenses so, as with Count One, we must identify the specific subsection that serves as the predicate offense. Jordan contends that the record is ambiguous as to the specific subsection applicable to his offense. We disagree because only subsection (1) of N.Y.P.L. § 125.25—which punishes a defendant who has the "intent to cause the death of another person" and "causes the death of such person or of a third person"— can give rise to an attempted murder count and applies to Jordan's conduct. Subsections (2) through (4) punish reckless and depraved indifference murder and felony murder, none of which involves a specific intent to kill. *See Policano v. Herbert*, 7 N.Y.3d 588, 597 (2006) ("[R]ecklessness, pure and simple, is the mens rea for depraved indifference murder."); *People v. Stokes*, 88 N.Y.2d 618, 623 (1996) ("Felony murder differs from other homicides in that it does not require a *mens rea* directly relating to the death."). A defendant cannot attempt to commit either one of those offenses, however, because an attempt requires a specific intent to complete the crime. *See People v. Fernandez*, 88 N.Y.2d 777, 782 (1996) ("[B]ecause the very essence of a criminal attempt is the defendant's intention to cause the proscribed result, it follows that there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended."). Finally, subsection (5) of N.Y.P.L. § 125.25, which punishes intentional killings in the course of various sex crimes, is inapplicable because Jordan's shooting did not involve any sex crimes.

Because Count Two must have been predicated on an attempted violation of N.Y.P.L. § 125.25(1), we conclude that the district court did not err, let alone plainly err, in accepting Jordan's guilty plea to that offense. We have already decided that an attempted violation of that statute constitutes a crime of violence. *Pastore*, 83 F.4th at 119-20. Jordan contends that *Pastore*'s reasoning does not survive the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct.

8

2015 (2022), which held that an attempted Hobbs Act robbery does not qualify as a crime of violence, *see id.* at 2020–21. But Jordan's argument is foreclosed by our precedent. We addressed the impact of *Taylor* in our amended opinion in *Pastore* and determined that *Taylor* did not undermine the conclusion that an attempted violation of N.Y.P.L. § 125.25(1) constitutes a crime of violence. *See Pastore*, 83 F.4th at 120–21.

*    *    *

We have considered Jordan's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court. Additionally, we **DENY** Jordan's motion to vacate the superseding information. Dkt. 195.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk