22-2879
*United States v. Walker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

—————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 22-2879

NAMIR WALKER,

> *Defendant-Appellant*.

—————————————————————————

| For Defendant-Appellant: | DAVID L. MCCOLGIN, Law Office of David L. McColgin, Esq., Charlotte, VT. |
|---|---|
| For Appellee: | LAUREN C. CLARK (Robert S. Ruff, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Sarah A. L. Merriam, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Namir Walker appeals from a judgment of conviction following his guilty plea to possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The district court sentenced Walker to the mandatory minimum term of sixty months' imprisonment, to be followed by two years' supervised release. On appeal, Walker argues (for the first time) that the district court violated Federal Rule of Criminal Procedure 11 by failing to ensure that Walker understood the nature of the charge against him and that there was an adequate factual basis for the plea; that his attorney was constitutionally

2

ineffective for failing to object to these purported violations of Rule 11; and that the district court abused its discretion in failing to conduct a sufficient inquiry regarding Walker's request for new counsel. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We first address Walker's argument that his plea, conviction, and sentence should be vacated in light of two purported violations of Rule 11. Because Walker did not raise either of his Rule 11 challenges in the district court, we review his claims for plain error. *See United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013). To prevail on plain-error review, Walker must demonstrate that the district court committed a "clear or obvious" error that "affected [his] substantial rights" and that "affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted); *see also United States v. Collymore*, 61 F.4th 295, 298 (2d Cir. 2023) (explaining that, to establish prejudice to his substantial rights, a defendant must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea" (internal quotation marks omitted)).

Before accepting a guilty plea, a district court must "inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to

3

which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). "A district court is not required to follow any particular formula in determining that [the] defendant understands the nature of the charge to which he is pleading guilty." *United States v. Andrades*, 169 F.3d 131, 135 (2d Cir. 1999); *see also McCarthy v. United States*, 394 U.S. 459, 467 n.20 (1969) (explaining that "matters of reality, and not mere ritual, should be controlling" in determining the appropriate scope of the Rule 11 inquiry (internal quotation marks and alterations omitted)). Courts must instead "determine by some means that the defendant actually understands the nature of the charges." *United States v. Maher*, 108 F.3d 1513, 1521 (2d Cir. 1997). A court may inform a defendant regarding the nature of the charge by, for example, "describing the elements of the offense in the court's own words," or "reading the indictment . . . where the pertinent count spells out the elements of the offense and the circumstances indicate that this will be sufficient." *Id.*; *see also Andrades*, 169 F.3d at 135 (stating that Rule 11 "is satisfied where the charging instrument plainly describes the offense and defendant acknowledges that he read, understood, and discussed with his attorney that legal document").

Rule 11 additionally requires district courts to determine that there is a "factual basis" for a defendant's plea of guilty before accepting it. Fed. R. Crim.

4

P. 11(b)(3). In making that determination, a court "may look . . . to any facts on the record at the time of the plea proceeding." *United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) (internal quotation marks omitted); *see also United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998) (stating that "[t]he factual basis of the plea . . . need not be drawn directly from the defendant" and may be based on "answers provided by counsel for the defense and government").

Here, the district court did not plainly err in determining that Walker understood the nature of the charge against him – in particular, the requirement that the firearm Walker possessed was used "in furtherance" of a drug crime. *See* 18 U.S.C. § 924(c)(1)(A). The record reflects that the district court read aloud the relevant charge in the indictment (which contained the "in furtherance" language), verified that Walker had discussed the case with his attorney and had reviewed a copy of the indictment, and confirmed with a "yes" from Walker that he understood the charge therein. *See United States v. Glen*, 418 F.3d 181, 184 (2d Cir. 2005) (holding that defendant received "sufficient notice of the meaning" of the charge against him when he "received a copy of the indictment before the plea hearing and heard the indictment read at that hearing"); *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 197–98 (2d Cir. 2002) (concluding that there

5

is sufficient notice "where the charging instrument plainly describes the offense and defendant acknowledges that he read, understood, and discussed with his attorney that legal document" (internal quotation marks omitted)). The record further reflects that the district court specifically asked Walker how he possessed a firearm "in furtherance" of his drug trafficking offense, provided several correct examples of how the "in furtherance" element could be satisfied, and allowed Walker to discuss the issue with his attorney before answering the court's question. Following an off-the-record discussion between Walker and his attorney, defense counsel reiterated that the "in furtherance" element would be satisfied if "one of the purposes [of possessing the firearm was] to protect . . . drugs or cash." App'x at 79. The district court agreed with counsel's statement, after which Walker admitted his guilt. *See id.* at 79–80. We therefore cannot agree with Walker's contention that the district court's passing reference to the requirement that the firearm must somehow be "related" or "connected to" the drug trafficking activity constituted plain error. *See United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006) (explaining that the "in furtherance" element is satisfied if the government establishes "the existence of a specific 'nexus' between the charged firearm and the charged drug selling operation"); *see also United States v.*

6

*Farooq*, 58 F.4th 687, 693 (2d Cir.) ("The contention that even in a plea proceeding the judge must deliver to the defendant the equivalent of a jury charge finds no support in the language of Rule 11 and runs counter to the legislative history." (internal quotation marks and alterations omitted)), *cert. denied*, 143 S. Ct. 2677 (2023).

But even if we were to assume that the district court erred in explaining the precise meaning of "in furtherance," Walker has failed to demonstrate that this error affected his substantial rights – *e.g.*, that "but for the error, he would not have entered the plea." *Collymore*, 61 F.4th at 298 (internal quotation marks omitted). The record reflects that – in exchange for Walker's plea – the government agreed that it would move to dismiss the first count of the indictment, which charged him with possession with the intent to distribute controlled substances. There is no question that Walker's applicable Guidelines range would have been substantially higher had he been convicted of both counts at trial, and Walker does not dispute that he was fully aware of this benefit at the time he pleaded guilty. What is more, as discussed in greater detail below, the record contains ample evidence supporting the charge to which Walker pleaded guilty (and the narcotics offense that was dismissed pursuant to the plea agreement), which further undercuts any

7

contention that he would have proceeded to trial but for this purported error. *See United States v. Rodriguez*, 725 F.3d 271, 277 (2d Cir. 2013); *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006).

It also bears noting that Walker did not attempt to withdraw his guilty plea or otherwise challenge the sufficiency of his allocution until nine days *after* his sentencing, by which time he had secured the benefit of his plea agreement and the dismissal of the narcotics count charged in the indictment. *See* Dist. Ct. Doc. No. 90 at 4–5, 8 (confirming that Walker had no objections to the final version of the presentence report and arguing that he should receive a Guidelines sentence because he "accepted responsibility fairly quickly" and admitted that he was "at fault for what [he] did"); Dist. Ct. Doc. No. 70 ¶¶ 21, 129 (presentence report providing that "Walker committed a drug trafficking crime[] . . . and knowingly possessed a firearm in furtherance of that activity," and "expressed a mature understanding of his present situation" to the probation officer); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83–86 (2004) (holding that a court may look to "the entire record," including materials from "sentencing," to determine whether there is a "reasonable probability that, but for the error, [the defendant] would not have entered the plea"). Walker has therefore failed to establish a

8

reasonable probability that, but for the alleged error, he would not have pleaded guilty.

Nor did the district court plainly err in determining that there was an adequate factual basis for the plea. During the plea colloquy, Walker admitted that "[he] had some drugs [he] was going to sell and [he] had a gun at that time." App'x at 78. The government additionally noted that, had the case proceeded to trial, it would have been prepared to present evidence that the loaded firearm was located in a vehicle with Walker in close proximity to the sale-quantities of drugs that Walker possessed at the time of his arrest. *See Snow*, 462 F.3d at 63 (concluding that proximity of loaded handguns to drugs, paraphernalia, and proceeds was sufficient to support "in furtherance" element); *United States v. Lewter*, 402 F.3d 319, 322–23 (2d Cir. 2005) (similar). And, as the district court recognized, evidence presented during the course of the motion to suppress regarding the seizure of the loaded firearm near Walker's seat in the car and the circumstances of Walker's arrest provided additional support for the conclusion that there was an adequate factual basis here. *See Garcia*, 587 F.3d at 514; *see also Snow*, 462 F.3d at 62 n.6 (noting that the requisite nexus can be established based on, among other things, "whether the gun is loaded, proximity to drugs or drug

9

profits, and the time and circumstances under which the gun is found" (internal quotation marks omitted)). The district court's conclusion that there was an adequate factual basis for the plea did not constitute plain error.

Walker's next argument – that he was denied the effective assistance of counsel when his attorney failed to raise these same Rule 11 objections before the district court – is equally unavailing. As noted above, Walker has failed to demonstrate a "reasonable probability" that "he would not have [pleaded] guilty" but for the purported Rule 11 errors. *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005).

Walker's argument that the district court erred by failing to conduct a sufficiently probing inquiry regarding his motion for appointment of new counsel likewise fails. We review a district court's denial of a defendant's request for substitute counsel for abuse of discretion. *See United States v. Simeonov*, 252 F.3d 238, 241 (2d Cir. 2001). In determining whether a district court has abused its discretion, we consider "(1) whether the defendant's motion for new counsel was timely; (2) whether the district court adequately inquired into the matter; (3) whether the conflict between defendant and attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether

the defendant substantially and unjustifiably contributed to the breakdown in communication." *United States v. Hsu*, 669 F.3d 112, 122–23 (2d Cir. 2012) (internal quotation marks omitted). Notably, although the Sixth Amendment affords a right to counsel, it does not require district courts to ensure "a 'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983).

Contrary to Walker's contention, the district court did not abuse its discretion in denying Walker's motion for substitute counsel without conducting a hearing or engaging in a colloquy with him directly in court. The record reflects that – promptly after receiving Walker's letter request for the appointment of new counsel – the district court directed Walker's attorney to contact Walker to determine "whether [he] wishe[d] to pursue a request for appointment of new counsel, or whether the request [wa]s withdrawn." App'x at 6. Walker's attorney thereafter informed the district court that he and Walker had discussed the issue for thirty minutes and that Walker was "amenable to having [him] continue as his attorney on this matter." *Id.* at 20.

Walker's contention that he had "no opportunity to dispute counsel's claim[]" that he agreed to having counsel continue as his attorney, Reply at 8, is

belied by the record. For example, at two subsequent proceedings, Walker confirmed that he understood that his attorney would be taking certain actions on his behalf, without raising any concerns regarding the attorney's ongoing representation. Moreover, when asked at his change of plea hearing whether he was satisfied with his attorney's representation, he responded, "Yes." App'x at 53. And, in his plea agreement, Walker "acknowledge[d] his complete satisfaction with the representation and advice received from his . . . attorney." *Id.* at 93; *see also id.* at 69 (discussing this provision in summarizing the plea agreement at the change of plea hearing). In light of Walker's representations that he was satisfied with counsel and the fact that Walker never again complained about his counsel's representation until after sentencing, we are not persuaded that the district court abused its discretion in denying Walker's motion and failing to conduct further inquiry regarding Walker's request for new counsel.

We have considered Walker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12