*United States v. Marsiste Adolphe*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

PRESENT:
REENA RAGGI,
MYRNA PÉREZ,
SARAH A. L. MERRIAM
*Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                         No. 25-453

MARSISTE ADOLPHE,

*Defendant-Appellant*.

———————————————————————

1

FOR APPELLEE: ERIC SILVERBERG (Nicholas J. Moscow, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: GAIL GRAY, Esq, New York, NY.

Appeal from a February 12, 2025 judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant, Marsiste Adolphe, pled guilty to health care fraud in violation of 18 U.S.C. § 1347(a). Adolphe now appeals the District Court's judgment of conviction. He argues that his plea was invalid because the District Court violated Rules 11(b)(1)(G) and 11(b)(3) of the Federal Rules of Criminal Procedure.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

"Where, as here, a defendant never objected in the district court to the purported Rule 11 violation, the defendant must establish plain error." *United States v. Collymore*, 61 F.4th 295, 298 (2d Cir. 2023) (per curiam). The plain error standard requires that a

---

[1] Rule 11 of the Federal Rules of Criminal Procedure requires that the district court "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Additionally, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

defendant "demonstrate that '(1) there was error, (2) the error was plain, and (3) the error prejudicially affected his substantial rights'; if such error is demonstrated, we will reverse, still, only when (4) 'the error seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018) (quoting *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006)). "In assessing the likely effect of a Rule 11 error, we are to examine the entire record." *United States v. Thompson*, 143 F.4th 169, 182 (2d Cir. 2025) (quoting *Torrellas*, 455 F.3d at 103). Here, we conclude that Adolphe has not met his burden to demonstrate plain error under either Rule 11(b)(1)(G) or 11(b)(3).

We have considered Adolphe's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court